UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAQUEL AIYANA CALDWELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | CASE NO. C13-1189-JLR-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Raquel Aiyana Caldwell proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REMANDED for an award of benefits.

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1976.[1] She has a high school education and two years of vocational school. (AR 48, 166.) She has past relevant work as a court clerk and receptionist.

Plaintiff filed applications for DIB and SSI on April 12, 2010, alleging disability beginning April 1, 1999. She is insured for DIB through December 31, 2004. (AR 22, 39.) Plaintiff's applications were denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On October 27, 2011, ALJ Glen G. Meyers held a hearing, taking testimony from plaintiff and a vocational expert. (AR 44-79.) On December 6, 2011, the ALJ issued a decision finding plaintiff not disabled from April 1, 1999 through the present. (AR 28-39.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on May 21, 2013 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's affective disorder and psychotic disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels but with nonexertional limitations. Plaintiff could perform simple, repetitive tasks with no contact with the public and occasional contact with supervisors and co-workers. She would have unscheduled absences from work averaging one time every two months and would be off task at work an average of ten percent of the time. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as small products assembler and electrical accessories assembler.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to properly evaluate the credibility of her testimony and erroneously evaluated the medical opinion evidence. If the evidence had been properly evaluated, plaintiff argues, the ALJ should have found that she met the criteria for § 12.04, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, "Affective Disorders", or, in the alternative, should have found her disabled at step five. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Credibility Evaluation

In assessing credibility, an ALJ must first determine whether a claimant presents "objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Given presentation of such evidence, and absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Id*.

In finding a social security claimant's testimony unreliable, an ALJ must render a credibility determination with sufficiently specific findings, supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1996). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The uncontradicted record establishes plaintiff suffered an apparent psychotic break in March 1999 and was admitted to the Psych Ward at Valley Medical Center. (AR 245-46.) Initially, she discharged herself against medical advice, but returned two days later with increasing depression and suicidal thoughts, as well as auditory and visual hallucinations. (AR 249.) Plaintiff had a family history of mental illness, including schizophrenia and bipolar disorder, but no previous psychiatric hospitalization. (*Id.*) For the next ten years, plaintiff lived with her father, spending the time "pretty much sitting in her room and doing nothing." (AR 312.) According to her mother "'she didn't bathe, didn't eat and there were bags of garbage in her room.'" (AR 312, 502.) She continued to experience auditory hallucinations, but refused treatment until 2009 when she began treatment at HealthPoint Center. (AR 317-75.)

At hearing, plaintiff testified she continues to have auditory hallucinations, starting when she wakes up and lasting for a few hours on and off all day long. The voices are distracting, and she tries to watch TV or turn on the radio in order to not concentrate on the voices. Some days are worse than others. (AR 51-55.) The auditory hallucinations cause depression and mental and physical fatigue, and she naps for several hours. (AR 66-67, 69.)

The ALJ found that plaintiff's impairments "could reasonably be expected to cause

REPORT AND RECOMMENDATION
PAGE -5

some … [but not] all" of the symptoms which she alleged, because her "wide range of activities suggests that her limitations are not as significant as alleged" and "[t]he objective findings in the treatment notes do not support the alleged severity of her limitations." (AR 33-34.) The Court agrees with plaintiff that these reasons are not clear and convincing.

A. <u>Daily Activities</u>

There is no dispute as to the extent of plaintiff's daily activities. She has little or no contact with anyone outside her family. She watches television and listens to the radio. She does the dishes. She plays with her puppy. She last read a book about a year ago. She occasionally takes walks outside. She goes to the store with her mother while her mother shops for makeup. (AR 57-61.)

Reviewing these activities, the ALJ found plaintiff's "wide range of activities suggests that her limitations are not as significant as alleged." (AR 33.) The ALJ provides no explanation for this conclusory statement, and does not indicate which portion of plaintiff's testimony about her impairments is not credible. Nor does the Court find any inherent contradiction between plaintiff's explanation of the distracting and fatiguing nature of her auditory hallucinations and depression and her very limited daily activities. This basis for the ALJ's evaluation of plaintiff's credibility lacks the support of substantial evidence.

B. <u>Objective Medical Evidence Support</u>

"[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell*, 947 F.2d at 343. Here, without other valid reasons for discounting plaintiff's credibility, the

ALJ's reliance on a lack of objective medical evidence support for plaintiff's subjective testimony is no longer legally sufficient.

Furthermore, the ALJ's finding that "the objective findings in the treatment notes" contradict plaintiff's testimony does not stand up to scrutiny. (AR 35.) The ALJ's conclusion that a lack of treatment between 1999 and 2009 "suggests improvement in her symptoms" has no factual basis in the record, and is directly contradicted by the only evidence on point—the testimony of plaintiff and her mother. (AR 34.) *See*, *e.g.*, *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). The fact that plaintiff's symptoms improved on a relative basis once she began treatment and a medication regime in no way contradicts plaintiff's testimony about the impact of her auditory hallucinations on her energy, focus, and concentration. To find a claimant not credible, the ALJ must "point to specific facts in the record" that demonstrate the claimant is less disabled than she claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). The Court agrees with plaintiff that the ALJ's findings do not satisfy that requirement.

## Medical Evidence

In large part, the ALJ's finding that plaintiff's subjective testimony was unsupported by the objective medical evidence is based on a rejection of most of the medical opinion evidence as overly reliant on plaintiff's subjective reports of her symptoms and limitations. As a result,

01 the lack of substantial evidence support for the ALJ's credibility assessment also undermines
02 the legal sufficiency of the ALJ's evaluation of the medical opinion evidence.

For example, Larry McCann, the licensed social worker who treated plaintiff at Harborview Mental Health Clinic, opined that plaintiff "had multiple moderate, marked, and severe functional limitations." (AR 35.) The ALJ gave his opinion "little weight" because he "was largely relying on the claimant's subjective report of her symptoms and not the objective evidence." (*Id*.) Consulting psychiatrist Dr. Romalee A. Davis opined that plaintiff was not capable of living on her own and paying rent, and was not expected to get much better. (*Id*.) The ALJ gave the opinion little weight "as it is not consistent with the objective findings of the examination and reported activities." (*Id.*) Evaluating psychiatrist Dr. Winslow likewise assessed plaintiff with "multiple moderate and marked functional limitations." (AR 36.) His opinion was rejected as "it appears he is largely relying upon subjective report of her symptoms." (*Id*.) Treating mental health counselor Letealia Reid-Scott opined plaintiff was markedly limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms or to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id*.) Her opinion was given little weight because "it appears to be largely based upon the claimant's subjective report of her symptoms and limitations." (*Id.*) The ALJ rejected the opinion of examining psychologist Dr. Robert Parker that plaintiff "had multiple moderate, marked, and severe functional limitations" because plaintiff "had recently just been prescribed psychotropic medication and the evidence supports improvement of her symptoms with ongoing treatment." (AR 34.)

The only medical opinion evidence characterized by the ALJ as consistent with the

objective medical evidence and plaintiff's "wide" range of activities was that of non-examining medical consultant Gary L. Nelson Ph.D, reviewed and affirmed by R. Renee Eisenhauer, Ph.D., that plaintiff could carry out simple instructions and meet productivity requirements "the vast majority of the time", although low-level auditory hallucinations "might interfere at times with the claimant's prolonged concentration and pace consistency." (AR 37.) This vague opinion does not provide legally sufficient support for the ALJ's RFC assessment. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (concluding that the nonexamining doctor's opinion "with nothing more" did not constitute substantial evidence).) Nor did the ALJ explain the basis of the finding that plaintiff would be able to remain on task ninety percent of the time and would only miss work once every two months. (AR 32.) "We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). The ALJ's decision in this case does not allow for such meaningful review.

### Remedy

If the Court finds the ALJ failed to properly justify the rejection of a claimant's subjective testimony and if there are no other issues that must be resolved before a proper disability determination can be made, the Court may credit the testimony as true. *Varney v. Sec'y*, 859 F.2d 1396, 1398-99 (9th Cir. 1988). This case poses an appropriate situation for crediting the plaintiff's testimony as true. None of the reasons given by the ALJ for finding the

plaintiff not credible stand up under scrutiny, nor does the Court find a contrary conclusion justified by the record evidence.

The Court also has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77.

The Court finds this case appropriate for an award of benefits. The ALJ found plaintiff disabled through step four of the sequential evaluation, resulting in a shifting of the burden of proof to the Commissioner at step five to show plaintiff is not disabled. As previously described, the RFC upon which the vocational expert based her identification of appropriate jobs in the national economy lacked the support of substantial evidence, which undermines the ALJ's step five finding. This is not a case where enhancement of the record would be useful. *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000). Rather, remanding for further administrative proceedings would serve no useful purpose and would unnecessarily extend the proceedings. There being no outstanding issues that must be resolved, plaintiff must be found disabled.

///

REPORT AND RECOMMENDATION
PAGE -10

## **CONCLUSION**

For the reasons set forth above, this matter should be REMANDED for an award of benefits.

DATED this 13th day of January, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge